IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VIRAJ ANILKUMAR PATEL,<br>Petitioner | : | No. 3:25-CV-2489 |
| | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| J. GREENE, | : | |
| Respondent | : | |

··································································································································

## <u>MEMORANDUM</u>

Viraj Anilkumar Patel initiated the above-captioned action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  He alleges that the Federal Bureau of Prisons (BOP) has improperly calculated his earned time credits under the First Step Act (FSA), Pub. L. 115-391, 132 Stat. 5194 (2018).  Specifically, Patel contends that the BOP is using an incorrect start date for calculating his FSA time credits.  For the following reasons, the court will deny Patel's Section 2241 petition.

## I.    BACKGROUND

Patel is currently serving a 46-month sentence imposed by the United States District Court for the Middle District of Florida for conspiracy to commit money laundering.  (<u>See</u> Doc. 8-2 at 1 ¶ 3; Doc. 8-3 at 3).  His current projected release date, via application of FSA credits and good-conduct time, is March 1, 2027.  (<u>See</u> Doc. 8-2 at 1 ¶ 3; Doc. 8-3 at 3).

Patel filed the instant Section 2241 petition in December 2025. (See generally Doc. 1). His habeas claim is straightforward. He maintains that he should have begun to accrue FSA time credits at the date of his sentencing (October 31, 2024), rather than the date when he arrived at his designated facility of incarceration and completed the FSA risk and needs assessment (November 25, 2024). (See Doc. 2 at 2-3). He contends that the relevant BOP regulation—28 C.F.R. § 523.42(a)[1]—conflicts with the plain language of the FSA. (Id. at 2). Patel asks the court to find that the regulation is illegal and to order the BOP to recalculate his FSA time credits using his sentencing date as the accrual date. (See Doc. 1 at 7, Doc. 2 at 1, 3).

Respondent timely answered the Section 2241 petition. (See generally Doc. 8). Patel did not file a traverse. Instead, he filed several motions, including a motion "for extraordinary and programmatic injunctive relief" and a motion "to expedite due to irreparable harm." (See Docs. 10 and 12, respectively). The time to file a traverse has passed, so Patel's Section 2241 petition is ripe for disposition.

---

[1] This regulation provides, in pertinent part, "An eligible inmate begins earning FSA Time Credits after the inmate's term of imprisonment commences (*the date the inmate arrives or voluntarily surrenders at the designated Bureau facility where the sentence will be served*)." See 28 C.F.R. § 523.42(a) (emphasis added).

2

## II.    DISCUSSION

Respondent first asserts that Patel's Section 2241 petition should be dismissed because he failed to exhaust administrative remedies.  Respondent additionally argues that Patel's claim fails on the merits.  Because Patel's FSA claim involves issues of purely statutory construction, administrative exhaustion is excused.  See Vasquez v. Strada, 684 F.3d 431, 433-34 (3d Cir. 2012) (per curiam) (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)). Nevertheless, Patel's claim[2] runs contrary to the FSA's carefully crafted time-credit scheme and therefore lacks merit.

Pursuant to the FSA, the Attorney General was charged with development and release of a Risk and Needs Assessment System (the "System") within 210 days of December 21, 2018, the date on which the FSA was enacted.  See 18 U.S.C. § 3632(a).  The System is to be used for: (1) determining an inmate's recidivism risk; (2) assessing an inmate's risk of violent or serious misconduct;

---

[2] To the extent that Patel raises alternative claims or arguments in his motion for injunctive relief, (Doc. 10), those claims are not properly before this court because they were not raised in his Section 2241 petition or accompanying memorandum of law and are therefore waived. Cf. Battle v. Garza, No. 1:23-CV-0289, 2023 WL 8373172, at *1 n. 2 (M.D. Pa. Dec. 4, 2023) (explaining that petitioner's claims "raised for the first time in a reply brief [] are waived"); Rush v. Shartle, Civ. No. 13-4788, 2015 WL 5567307, at *2 n.2 (D.N.J. Sept. 22, 2015); Tyler v. Mitchell, 416 F.3d 500, 504 (6th Cir. 2005) (finding that argument first presented in petitioner's "traverse rather than in his habeas petition . . . was not properly before the district court and the district court did not err in declining to address it") (collecting cases); Ryan v. Hendricks, Civ. No. 04–4447, 2014 WL 268578, at *3 n.4 (D.N.J. Jan. 23, 2014) (same); Hayes v. Silvers, Langsam & Weitzman, P.C., 441 F. Supp. 3d 62, 67 n.5 (E.D. Pa. 2020) (argument raised for the first time in reply brief for civil lawsuit is waived); McLendon v. Continental Can Co., 908 F.2d 1171, 1183 (3d Cir. 1990) (argument raised for the first time in reply brief on appeal is waived).

(3) determining the type and amount of evidence-based recidivism reduction (EBRR) programming appropriate for each inmate; (4) periodically assessing an inmate's recidivism risk; (5) reassigning an inmate to appropriate EBRR programming and productive activities (PAs); (6) determining when to provide incentives and rewards for successful participation in EBRR programming and PAs; and (7) determining when the inmate is ready to transfer to prerelease custody or supervised release. Id. Additionally, the System provides guidance on the "type, amount, and intensity of EBRR programs and PAs to be assigned to each inmate based on the inmate's specific criminogenic needs." See Kurti v. White, No. 1:19-cv-2109, 2020 WL 2063871, at *4 (M.D. Pa. Apr. 29, 2020) (citing 18 U.S.C. § 3632(b)).

Under the FSA, an eligible inmate "who *successfully completes* evidence-based recidivism reduction programming or productive activities, shall *earn* time credits" which "shall be applied toward time in prerelease custody or supervised release." 18 U.S.C. § 3632(d)(4)(A), (C) (emphasis added). More specifically, the FSA allows eligible inmates to earn ten days of time credits for every thirty days of successful participation in EBRR programming or PAs. See id. § 3632(d)(4)(A)(i). If the BOP determines that the inmate is at a minimum or low risk of recidivism and has not increased their recidivism risk over two consecutive assessments, the inmate can earn an additional five days of time credits for

4

every thirty days of successful participation in EBRR programming or PAs (for a total of fifteen days of time credits for every thirty days of programming). See id. § 3632(d)(4)(A)(ii).

An inmate cannot earn time credits for successfully completed programming prior to the FSA's enactment on December 21, 2018, or "during official detention prior to the date the prisoner's sentence commences under [18 U.S.C. §] 3585(a)." See id. § 3632(d)(4)(B). In Section 3585(a), Congress clarified that "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." See id. § 3585(a).

As noted above, the time in dispute in this case spans from October 31, 2024 (Patel's sentencing date), to November 25, 2024 (the date Patel arrived at his designated facility and received his risk and needs assessment). As such, the number of FSA program days in dispute is 25, at a time when Patel was earning 10 credits for every 30 days of successful FSA programming. (See Doc. 8-5 at 2 (noting that Patel accrued time credits at a factor of "10" from November 25, 2024, to June 21, 2025)); 18 U.S.C. § 3632(d)(4)(A)(i). This disputed 25-day period thus translates into less than 10 FSA credits, i.e., less than 10 days to be applied toward early release. Because Patel's release date is not until March 1,

2027, his allegations that his Section 2241 petition must be decided in an expedited manner due to "irreparable harm" are meritless and his related motion to expedite will be denied.

Turning to the core of Patel's habeas claim, the court finds that he is not entitled to habeas relief. While the court agrees that Patel was indeed *eligible* to earn FSA time credits following his sentencing on October 31, 2024, he has not established that he in fact participated in EBRR programming or PAs during the disputed period and thus *earned* any credits during that time.

Initially, the court observes that 18 U.S.C. § 3585(a) controls when a sentence "commences" for purposes of the FSA. The FSA, in Section 3632(d)(4)(B)(ii), specifically incorporates Section 3585(a) as defining when a "prisoner's sentence commences" for purposes of FSA eligibility to earn time credits. See 18 U.S.C. § 3632(d)(4)(B)(ii). Thus, because Section 3585(a) is expressly incorporated into the FSA, that statutory provision controls when a sentence "commences" and cannot be overridden by a contrary regulation (*e.g.*, 28 C.F.R. § 523.42(a)) or policy.

Yet simply because an inmate is eligible to earn FSA time credits does not mean that those credits are automatically awarded. Rather, FSA time credits must be "earned" by successfully participating in EBRR programming or PAs. See id. §§ 3632(d)(4)(A), (d)(4)(C); McDaniel v. Gunther, No. 25-cv-00968, 2026

WL 782966, at *5-6 (D. Ariz. Feb. 13, 2026), <u>report & recommendation adopted</u>, 2026 WL 777642 (D. Ariz. Mar. 19, 2026); <u>Stevens v. Jacquez</u>, No. 3:23-cv-01482, 2024 WL 3200546, at *4 (D. Or. June 25, 2024).  Moreover, the FSA requires that each prisoner be assessed to "determine the type and amount of evidence-based recidivism reduction programming that is appropriate" to that specific prisoner.  18 U.S.C. § 3632(a)(3).  Only then can the BOP assign specific programming to that prisoner.  <u>See id.</u>  A prisoner is not instantaneously assessed under the System at the time of sentencing, nor does the FSA mandate instantaneous assessment.

Therefore, as similarly held in <u>Akhatsegbe v. Greene</u>, No. 1:24-cv-01871, 2025 WL 297699, at *4 (M.D. Pa. Jan. 24, 2025) (Kane, J.), <u>aff'd</u>, <u>Akhatsegbe v. Warden Allenwood FCI</u>, No. 25-1239, 2025 WL 2658991 (3d Cir. Sept. 17, 2025) (per curiam) (nonprecedential), the court need not resolve Patel's statutory challenge.  That is because Patel has not provided *any* evidence that he successfully participated in EBRR programming or PAs during the 25 days in dispute or was otherwise entitled to receive FSA credits during that time,[3] so he

---

[3] Patel merely alleges, in conclusory fashion, that he "was either participating in FSA eligible programs after his sentencing, or was on the waitlist for them, or was being transferred to FCI Allenwood Low from his previous facility."  (Doc. 2 at 2).  These vague, in-the-alternative allegations are wholly insufficient to establish that Patel earned FSA time credits during the 25 days in dispute and therefore the BOP miscalculated his FSA release date.  Moreover, Respondent has proffered evidence that Patel was not on the waitlist for any FSA programming until December 2024 at the earliest.  (See Doc. 8-2 ¶ 10; Doc. 8-8 at 2-3).

has not established that his current FSA calculations are incorrect.  See id.; see also Vargas v. Warden of FCI-Allenwood, No. 1:25-cv-2328, 2026 WL 1090610, at *4 (M.D. Pa. Apr. 22, 2026) (Neary, J.) (denying habeas claim and explaining that "regardless of whether [28 C.F.R. § 523.42(a)] conflicts with [18 U.S.C. § 3585(a)], Vargas has not shown that he completed any programs during the relevant three-month period between the date of his sentencing and his arrival in a federal prison"); Patel v. Greene, No. 3:25-cv-2483, 2026 WL 907589, at *2 (M.D. Pa. Apr. 2, 2026) (Mariani, J.) ("Because the uncontroverted record confirms that Patel began earning FSA time credits when he arrived at LSCI-Allenwood (his designated facility) on November 10, 2025, and did not participate in any programming at a BOP facility before that date, the habeas petition must be denied.").  Patel is not entitled to the award of FSA time credits beginning on his sentencing date "simply because he was sentenced and in federal custody as of that date." Akhatsegbe, No. 1:24-cv-01871, 2025 WL 297699, at *4 (quoting Stevens, No. 3:23-cv-01482, 2024 WL 3200546, at *4).

Moreover, the case at bar is easily distinguishable from HuiHui v. Derr, No. 22-cv-00541, 2023 WL 4086073 (D. Haw. June 20, 2023), one of the district court cases upon which Patel primarily relies.  In HuiHui, the petitioner had been housed in a federal facility for nearly two years prior to sentencing and had not been allowed to earn FSA time credits for almost seven months after her

sentencing. See id., at *1, *7. Patel, on the contrary, waited less than four weeks after his sentencing before he reached his designated facility, received his FSA risk and needs assessment, and began earning FSA time credits.

In this regard, Patel's case is likewise distinguishable from Heath v. Knight, No. 22-cv-07270, 2024 WL 5198863 (D.N.J. Dec. 23, 2024), another district court decision Patel cites to support his claim. In Heath, the petitioner waited seven months before reaching his designated facility, during which time he completed "as many Productive Activities as he possibly could." Id., at *1.

Not so with Patel. Here, like in Akhatsegbe, Vargas, and Patel, Patel has not proffered evidence that he in fact earned (or was otherwise entitled to) any FSA credits during the 25 days at issue. Therefore, he has not demonstrated that the BOP incorrectly calculated his FSA time credits or his release date, so his Section 2241 petition will be denied. See Akhatsegbe, No. 25-1239, 2025 WL 2658991, at *1 (3d Cir. Sept. 17, 2025).

## III.    CONCLUSION

Based on the foregoing, the court will deny Patel's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. An appropriate Order follows.

Date: 7/23/26

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court

9